UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


**RODNEY LYLE ROBERTS,**

   *Plaintiff*,

v.                                          Case No. SA-20-CV-01150-JKP

**IRS COMMISSIONER, PAMELA CARDWELL, IRS AGENT;**

   *Defendants*.


## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Rodney Roberts's Motion for Entry of Default by the Clerk and Defendants' Response.[1] *ECF Nos. 8, 13*. Also before the Court is Defendants' (collectively "the United States")[2] Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim and Roberts's Response. *ECF Nos. 12,15, 16.* Upon consideration, the United States' Motion to Dismiss for Failure to State a Claim is GRANTED. Roberts's Motion for Entry of Default by the Clerk is DENIED.

---

[1] Although Roberts requests entry of default pursuant to Federal Rule 55(a), the filing is docketed as a motion, and the United States responds to the entry as if it were a Motion for Default Judgement. *ECF Nos. 8, 13*. Therefore, the Court will address the docket entry as if it were such because the classification is inconsequential.

[2] Roberts names Defendants as "IRS Commissioner and Pamela Cardwell, an IRS Agent." In cases such as this, the proper Defendant is the Unites States. *See Henry v. United States*, 277 F. App'x 429, 435 (5th Cir. 2008) ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued *eo nomine*." (citation omitted)). Accordingly, this Court will address the improperly named Defendant as "the United States."

## FACTUAL BACKGROUND[3]

In 2016, a jury convicted Roberts on four counts of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). *ECF No. 16, exh. A.* The four counts related to the tax years 2010 through 2013.[4] *Id.* The trial judge sentenced Roberts to eighteen (18) months' imprisonment, payment of $143,951 of "tax loss in this case" as a condition of his supervised release, $400 criminal monetary penalty, $0 fine and $0 restitution. *Id. at exh. C.*

In February 2020, prior to his release from prison in May 2020, IRS Agent Pamela Cardwell notified Roberts of the federal income taxes and penalties he owed for tax years 2009 through 2014. *ECF. No. 4, Complaint at pp. 3-4.* Roberts responded to Ms. Cardwell through letter disputing the amount of taxes and penalties assessed and arguing the Court's assessment of $143,951 in the criminal trial qualified as the total taxes and penalties owed for tax years 2009 through 2013. *Id.* Ms. Cardwell responded by letter informing Roberts "to file a petition with the U.S. Tax Court if he disagreed with the Examination Changes." *Id.*

Roberts did not file a petition in the U.S. Tax Court or otherwise pursue any administrative remedies. *Id. at p.4.* Roberts filed this action in this Court asserting violation of "26 U.S.C. Subtitle F, Chapter 76 Subchapter B, Sec. 7429 (b) & (f)." *Id. at p.2.* As factual basis, Roberts asserts the United States improperly "recalculated his taxes for tax periods 2008 through 2013."

---

[3] These facts are derived from the undisputed facts as presented by the parties, the facts represented in the Complaint and the documents pertaining to Roberts's underlying conviction. "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). When a defendant attaches documents to a Motion to Dismiss filed under Federal Rule 12(b)(6) that are referred to in the Complaint and are central to the plaintiff's claims, the court may also properly consider those documents in determination of that motion. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Therefore, the Court incorporates by reference through the parties' filings in this case, Roberts's indictment, jury verdict, and amended criminal judgment from the criminal proceeding *United States v. Roberts*, Case No. 5:16-cr-709 (W.D. Tex. 2016). *See ECF Nos. 4,15,16 Ex. A (Indictment); Ex. B (Jury Verdict) and Ex. C (Criminal Judgment).*

[4] Roberts contends his criminal conviction covered tax years 2008 through 2013. However, the indictment reflects charges for the tax years 2010 through 2013. *ECF No. 16, exh. A.* Consequently, this Court will take judicial notice of the conviction to address the tax years of 2010 through 2013. However, the precise tax years at issue is not pertinent to the Court's final determination on the Motion to Dismiss for Failure to State a Claim.

*Id. at pp. 3-4*. Roberts contends the Court in his criminal conviction assessed the taxes due for the relevant tax years and used this calculation of taxes due in all elements of the trial, including sentencing. *Id. at pp. 3-4*. Now, the United States attempts to increase his taxes owed to an amount above that already adjudicated and decreed through his criminal conviction. *Id*.

Roberts seeks declaratory and injunctive relief of removal of fines "associated with the non-payment of taxes for the tax years 2013 and previous"; remove Cardwell "from any association" with his taxes; order the United States to adhere to the "Original Assessment" in his criminal trial; order the United States to recover any "bonus-pay paid, or payable" to Cardwell or any other IRS agent related to the prosecution against him; and "relief from IRS harassment." *Id. at p. 5*.

Construing his Complaint liberally, Roberts challenges the United States' "recalculation" of his taxes as a violation of 26 USC 7429 (b) & (f), which is titled "Review of jeopardy levy or assessment procedures."  Effectively, Roberts asserts the principles of res judicata preclude the United States from "recalculating" and assessing taxes owed and penalties due for the tax years involved in his criminal conviction because the Court in his criminal case assessed the taxes owed as part of his criminal penalties.

Roberts filed a notice of entry of default based upon the Unites States' failure to file a timely answer to suit. *ECF No. 8*. The United States filed this instant Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. *ECF NO. 12*.

## DISCUSSION

**1. Motion to Dismiss for Lack of Subject Matter Jurisdiction-Tax Refund**

As basis for its Motion to Dismiss for Lack of Subject Matter Jurisdiction, the United States characterizes and labels the relief Roberts seeks as a "tax refund." Because a plaintiff must

exhaust all administrative remedies in the appropriate Tax Court before seeking judicial review of taxes assessed and a tax refund due, and Roberts did not seek administrative relief, the United States argues this Court lacks subject matter jurisdiction

This argument fails because Roberts does not seek a "tax refund." In his Complaint, Roberts asserts his cause of action as a violation of 26 U.S.C. 7429, which addresses administrative remedies and judicial review of a "jeopardy levy." Based upon the specific statute upon which Roberts bases this suit, this Court cannot recharacterize Roberts' cause of action as a "tax refund" only to dismiss the cause for lack of subject matter jurisdiction.

**2. Motion to Dismiss for Lack of Subject Matter Jurisdiction-Jeopardy Assessment**

Following this determination, Roberts invokes Section 7429 of the Internal Revenue Code as basis for this Court's federal subject matter jurisdiction. *ECF No. 4, Complaint, p. 2*. Section 7429 provides taxpayers an administrative remedy and judicial review of any disputed jeopardy assessment. 26 U.S.C. § 7429(a)(2), (b)(1). A jeopardy assessment occurs when the United States "expedite[s] the collection of taxes if it determines that such collection will be jeopardized by delay." *Pircher v. United States*, No. SA-08-CV-0835 NN, 2008 WL 5245409, at *1 (W.D. Tex. Dec. 15, 2008).

The United States contends this cause of action under Section 7429 must be dismissed for lack of subject matter jurisdiction because Roberts failed to exhaust administrative remedies required by the statute prior to filing this action. The United States contends this failure to exhaust administrative remedies is a jurisdictional bar to a "jeopardy assessment" suit under Section 7429. Consequently, this Court lacks subject matter jurisdiction to adjudicate this cause of action.

Neither the Fifth Circuit nor any District Court in the Fifth Circuit has yet addressed the issue whether a taxpayer's failure to exhaust administrative remedies is a jurisdictional bar to a "jeopardy assessment" suit under § 7429. Other circuits have split decisions on this jurisdictional issue. *Compare Wapnick v. United States*, 112 F.3d 74, 74–75 (2d Cir. 1997) (per curiam)(holding the district court was correct in dismissing the suit for lack of subject matter jurisdiction because Section "7429(b) allows the district court to review an IRS jeopardy assessment only after the taxpayer has filed a request for administrative review") *with Abraitis v. United States*, 709 F.3d 641, 645 (6th Cir. 2013)(holding administrative exhaustion requirement for judicial review of Section 7429 is not jurisdictional, but taxpayer's failure to exhaust administrative remedies precluded judicial review of jeopardy levy), *and Galvez v. Internal Revenue Serv.*, 448 F. App'x 880, 888 (11th Cir. 2011) (holding "the language of § 7429(b) is not explicitly jurisdictional. [Because] Congress must 'clearly state[ ] that a threshold limitation on a statute's scope shall count as jurisdictional,' … this convinces us that § 7429 is non-jurisdictional in nature. The district court thus erred in concluding it lacked jurisdiction to review the jeopardy levy under § 7429."

This Court recognizes all jurisdictional issues must be addressed prior to ruling on any substantive matter in any case. *See Robertson-Dewar v. Mukasey*, 599 F. Supp. 2d 772, 777 (W.D. Tex. 2009). However, under this procedural posture, this Court need not reach the jurisdictional issue whether a taxpayer's failure to exhaust administrative remedies is a jurisdictional bar to a "jeopardy assessment" suit under § 7429 because, pursuant to the following discussion, even assuming the Court holds subject matter jurisdiction, Roberts fails to state a claim under Section 7429 upon which relief may be granted. Because the claim asserted must fail based upon

the facts in this case, the Court's determination whether it holds subject matter jurisdiction is inconsequential.

> 3. **Motion to Dismiss for Failure to State a Claim-Jeopardy Assessment**

### Legal Standard

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts

all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**Analysis**

Pursuant to the appropriate provisions of the Internal Revenue Code, a jeopardy assessment is authorized and occurs when the United States expedites the collection of taxes based upon the determination such collection will be jeopardized by delay. *See* 26 U.S.C. § 6862 et seq. A taxpayer may seek judicial review of a jeopardy assessment in a district court after he exhausts his administrative remedies. *See* 26 U.S.C. § 7429(b)(2). A court's review of a jeopardy assessment is limited to two questions: (1) whether the jeopardy assessment was reasonable under the circumstances and (2) whether the amount assessed was appropriate. 26 U.S.C. § 7429(b); *Pircher v. United States*, CIVA SA08-CV-0835 NN, 2008 WL 5245409, at *1 (W.D. Tex. Dec. 15, 2008). "The [g]overnment has the burden of proof on the first issue and the taxpayer has the burden of proof on the second." *Central De Gas De Chihuahua, S.A. v. United States,* 790 F.Supp. 1302, 1304 (W.D.Tex. 1992); *Pircher*, 2008 WL 5245409, at *1. If the government fails to demonstrate the assessment is reasonable, the court may order the assessment released. *Henderson v. United States,* 949 F.Supp. 473, 475 (N.D.Tex. 1996); *Pircher*, 2008 WL 5245409, at *1.

In his Complaint, Roberts admits he did not pursue administrative remedies and asserts the factual basis of his cause of action as: "In recalculating taxes due by the Plaintiff, Defendants ignored business expenses used in the calculation of taxes due by the Plaintiff, Rodney Lyle Roberts, for tax years 2008 through 2013, and is attempting to increase Plaintiff's taxes due to an amount above that decreed by the Court." *ECF No. 4, Complaint pp. 3-4.* Roberts admits that in

February 2020, the IRS notified him by "Letter 525 and IRS Form 4549 (Notice of Audit and Report of Examination Changes), separately for each of the tax years 2009 through 2013 (inclusive), that Plaintiff's taxable income will be significantly increased in each of the years. Examination of the IRS notices revealed the removal of the business expenses used by the IRS experts in their calculation of taxes due." *Id. at p. 4*. Roberts seeks injunctive relief unrelated to the assessment and collection of these assessed taxes. *Id. at p. 5*.

On its face, Roberts's Complaint fails to present any facts to support a jeopardy-assessment cause of action under Section 7429. The face of the Complaint, Roberts's admissions and the letters referenced all reveal the United States has not imposed a jeopardy assessment and does not seek to expedite the collection of taxes based upon the determination such collection will be jeopardized by delay. While the allegations of wrongdoing might be conceivable, Roberts fails to include any factual substance that, if accepted as true, would state a claim for violation of Section 7429 that is plausible on its face. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Roberts's Complaint provides no facts from which this Court can draw any reasonable inference that the United States is liable for an improper jeopardy assessment in violation of Section 7429, nor do the factual circumstances of this case, as revealed and admitted, support this cause of action. Consequently, even construing the facts in his Complaint liberally in the light most favorable to him, Roberts fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to support the cause of action alleged. *See Ashcroft*, 556 U.S. at 678-679.

Consequently, the United States' Motion to Dismiss for Failure to State a Claim must be granted.

### 4. Motion for Clerk to Enter Default

Roberts filed a request for entry of default, docketed as a Motion for Default Judgement, requesting the Clerk of Court enter default against the United States based upon its failure to timely file an Answer. *ECF No. 8*.

"The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2).

The filings in this case reveal the Clerk of Court issued a summons to the United States on October 23, 2020. *ECF No. 6*. The Process Receipt and Return reveal the United States Attorney for the Western District of Texas was served on December 21, 2020. *ECF No. 11*. Accordingly, the United States' responsive pleading was due February 19, 2021. *See* Fed. R. Civ. P. 12(a)(2). The United States filed the instant Motion to Dismiss, a responsive pleading, on February 19, 2020. *ECF No. 12*.

Based upon these facts, the Court concludes the United States filed a timely responsive pleading, and Roberts's Motion must be denied.

### CONCLUSION

For the reasons stated, the United States' Motion to Dismiss for Failure to State a Claim is GRANTED. Roberts's Motion for Entry of Default by the Clerk is DENIED.

It is so ORDERED.
SIGNED this 31st day of March, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE